UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE and LAURA VITELA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:13-CV-747-JAR |
| | ) |
| INDYMAC MORTGAGE SERVICES, | ) |
| A DIVISION OF ONEWEST BANK, FSB, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Partial Summary Judgment (ECF No. 20) and Motion for Leave to Amend Answer by Interlineation (ECF No. 47).

On June 24, 2014, the Court granted Defendant's Motion for Partial Summary Judgment as to Counts I, II, III, IV, and VII. (ECF Nos. 36-37). The Court also remanded Counts V, VI, and VII to the Circuit Court of St. Louis, Missouri for lack of federal question jurisdiction. (ECF Nos. 36, 38.). On June 27, 2014, the Court vacated its Order of Remand (ECF No. 40) because Defendant also asserted diversity jurisdiction in its Notice of Removal. The Court stated that it would reconsider Defendant's Partial Motion for Summary Judgment as to Plaintiff's Missouri Merchandise and Practices Act (MMPA) claim in Count V. (Id.)

In Count V, Plaintiffs alleged violations of the MMPA for activities related to Defendants' serving of and foreclosure on Plaintiffs' loan. See Petition, ECF No. 2, at ¶¶77-88. In its Motion for Partial Summary Judgment, Defendant had argued that its disputed actions were not "in connection with" the sale or advertisement of merchandise within the meaning of the MMPA and, therefore, Plaintiffs' MMPA claim failed as a matter of law. See ECF No. 21 at 9-

12. Defendant noted that it only became involved with Plaintiffs' loan after they entered into the loan agreement and all of the complained of actions occurred at least three years after the original transaction. Id.

On August 19, 2014, the Missouri Supreme Court decided Conway v. CitiMortgage, Inc., SC93951, 2014 WL 4086671 (Mo. Aug. 19, 2014) and Watson v. Wells Fargo Home Mortgage, Inc., SC93769, 2014 WL 4086486 (Mo. Aug. 19, 2014). In Conway, the Court examined the MMPA's "in connection with" requirement in the loan collection context. The Conway plaintiffs alleged that the defendants wrongfully foreclosed on the deed of trust that the plaintiffs executed when they purchased their property. Conway held that when the operative transaction is the procurement of a loan, the "sale" is not complete when the lender extends the credit, but continues throughout the time the borrower is making payments on the loan. The enforcement of the loan's terms is "in connection with" the sale of the loan because the sale continues for the life of the loan. Furthermore, in the context of an alleged wrongful foreclosure, a plaintiff can state a claim under the MMPA against the foreclosing entity, regardless of whether that entity was a party when the loan was first procured, because "a party's rights to collect a loan is part of that sale and, therefore, 'in connection with' the loan."

Following the Missouri Supreme Court's analysis, the Court holds that summary judgment is not appropriate with respect to Plaintiffs' MMPA claim based upon Defendant's servicing and foreclosure on Plaintiffs' loan. The Court holds that Defendant's actions were sufficiently "in connection with" the sale of merchandise so as to state a claim under the MMPA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment as to Plaintiffs' MMPA claim in Count V is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will hold a conference call on Tuesday, September 16, 2014 at 3:00 p.m. regarding setting a trial date on Plaintiffs' claims for violation of the MMPA in Count V, unjust enrichment claim in Count VI, and the breach of contract claim in Count VII. The Court will initiate the conference call with the parties.

**IT IS FINALLY ORDERED** that the Motion for Leave to Amend Answer by Interlineation [47] is **GRANTED**.

Dated this 12th day of September, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE